# In the United States Court of Federal Claims

No. 16-967C
(Filed: March 9, 2017)

* * * * * * * * * * * * * * * * * * * * * * * * * *

MAINE COMMUNITY HEALTH OPTIONS,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant.*

* * * * * * * * * * * * * * * * * * * * * * * * * *

ORDER

This is a claim for statutory entitlement to payment under the "Risk Corridors Program" ("RCP") provisions of the Affordable Care Act, codified at 42 U.S.C. § 18062 (2012). Plaintiff filed a motion for summary judgment on November 3, 2016. Defendant filed its opposition and moved for dismissal under Rules 12(b)(1) and 12(b)(6) on January 13, 2017. Oral argument on the motions was heard on February 15, 2017.

Plaintiff moves for summary judgment that section 18062 mandates payment on a yearly basis if qualifying costs exceed a certain amount and that plaintiff's costs did exceed that amount in the years 2014 and 2015. Defendant does not dispute that the amounts are properly calculated on a yearly basis nor the quantum of the amounts calculated by plaintiff. Instead, defendant moves to dismiss pursuant to Rule 12(b)(1) because, it argues, no money is yet due to plaintiffs. In defendant's view, although payments are calculated on a yearly basis under section 18062, the Act does not mandate that payment be made in any particular year. Thus, because the statute is silent, the court should defer to the Department of Health and Human Services' ("HHS") decision that it will operate the RCP as a three-year (or more) program under which payments by HHS can be made at any time. That is to say that defendant argues that no sum is presently due to plaintiff and thus there is no Tucker Act jurisdiction at

this time. Defendant also argues similarly that plaintiff's claim is not ripe because HHS still has time to make payments.

In the alternative, defendant moves for dismissal for failure to state a claim for two legal reasons. First, defendant argues that the RCP was intended to be implemented in a "budget neutral" manner, meaning that section 18062 limits payment obligations to those amounts collected from insurers whose costs are below the target amount and who must pay into the RCP. If HHS collects less from insurers who must pay in to the program than it owes to insurers who are due payment, then, according to defendant, the government is under no obligation to make up the difference from other funding sources. Second, defendant argues that appropriations riders in 2015 and 2016 prevent HHS from using appropriated funds to meet RCP payment obligations, leaving insurers without recourse to the Judgment Fund to enforce any possible obligation.

Three other judges of this court have considered these and similar arguments. All three found jurisdiction and that the claims were not premature. *Land of Lincoln Mut. Health Inc. Co. v. United States*, 129 Fed. Cl. 81 (2016); *Health Republic Ins. Co. v. United States*, 129 Fed. Cl. 757 (2016); *Moda Health Plan, Inc. v. United States*, 2017 U.S. Claims LEXIS 70 (Fed. Cl. Feb. 9, 2017). Two of the judges went on to address the merits of insurers' claims and the government's defense of failure to state a claim. They came to different conclusions. *Compare Land of Lincoln*, 129 Fed. Cl. at 108 (holding that the statute was ambiguous and deferring to the agency's interpretation that payments need neither to be made yearly nor in any amount over what HHS collects under the program), *with Moda*, 2017 U.S. Claims LEXIS at *43, *58-64, *65-74 (holding, *inter alia*, that the statue is not budget-neutral and that the appropriations riders did not vitiate HHS' yearly payment obligation).

On the jurisdictional question, we agree with the opinions cited above and adopt their reasoning. Plaintiff has presented a claim for payment under a statute that mandates the payment of money to participating insurance providers should their costs exceed a target amount. *E.g., Health Republic*, 129 Fed. Cl. at 770-72. Plaintiff is such an insurer. We reject the notion that the statute does not mandate the payment of money on a yearly basis. There is no indication that the statute means anything other than what it says, namely, that Congress adopted a risk-sharing program operated on a yearly basis. *Cf. Moda*, 2017 U.S. Claims LEXIS at *33. Notwithstanding HHS' *post hoc* pronouncements, the clear inference from the text of the statute is that payment

will be made on a yearly basis. The claim is thus ripe.

That leaves only the issues presented by defendant's motion pursuant to Rule 12(b)(6). In that regard, we direct the parties to file supplemental briefing on those issues, including answering the following:

> What is the effect of a subsequent Congressional bar to using appropriated funds to meet a previously-created statutory payment obligation with regard to any right to seek judicial enforcement of that obligation? Does the Judgment Fund preserve the right of recourse under the Tucker Act?

Accordingly, the following is ordered:

1. Defendant's motion to dismiss pursuant to Rule 12(b)(1) is denied.

2. The parties are directed to file supplemental briefs on the questions presented above, limited to 20 pages of text, on or before March 31, 2017.

3. The parties are directed to file supplemental reply briefs, limited to 10 pages of text, on or before April 10, 2017.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge